UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC MARTIN BECTON,                    CASE NO.:

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Insurance Company, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby removes this action to the United States District Court for the Middle District of Florida, Tampa Division, and states:

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(b) and 1446(b).

2. Plaintiff, Eric Martin Becton, filed a civil action captioned Becton v. State Farm Mutual Automobile Insurance Company, Case No. 18-CA-002555 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on or around March 21, 2018. See **Exhibit "A"**. Plaintiffs seek damages for an alleged automobile accident that occurred on or about December 31, 2016 in Hillsborough County, Florida.

3. This action falls within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1) because the parties are "citizens of different states, and the amount in controversy exceeds $75,000.00."

A. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

4. Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant, State Farm.

5. A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1441(c)(1).

6. Plaintiff alleges that he is a resident of Pasco County, Florida.

7. Defendant is a corporation organized under the laws of the State of Illinois, and has its principal place of business at 1 State Farm Plaza, Bloomington, IL 67171-0001. Thus, Defendant is a citizen of Illinois.

B. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

8. The amount in controversy in this case exceeds $75,000.00. See 28 U.S.C. § 1332(a).

9. The amount in controversy exceeds the jurisdictional requirement, as required by Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Circuit 2001). It is well established that a demand letter constitutes legally certain evidence that a plaintiff seeks damages in excess of the jurisdictional requirement. See AAA Abachman Enters., Inc. v. Stanley Steemer Intern., Inc., 268 F. App'x 864, 866-67 (11th Cir. 2008); Bowen, 2010 W.L. 1257470; Lazo v. U.S. Airways, Inc., 2008 W.L. 3926430, *4 (S.D. Fla. Aug. 26, 2008).

10. Here, Plaintiff's August 24, 2017 and January 8, 2018 demands are for the $250,000 limits of liability. Moreover, Plaintiff's demand details past medical bills at $43,440.23, and forecasts future medical expenses of at least $509,250. See **Exhibit "B"**.

11. Thus, the jurisdictional amount in controversy is satisfied.

**C.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

12.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to Hillsborough County, Florida, where the state court action was pending.

13.     Defendant was served with Plaintiff's Complaint on March 29, 2018. See Exhibit "C". This Notice of Removal is filed within 30 days of that date of service. Thus, this Notice is timely under 28 U.S.C. § 1446(b).

14.     Removal is permissible because "None of the parties in interest properly joined and served as defendants is a citizen of" Florida, "the state in which [this] action [was] brought." 28 U.S.C. § 1441(b).

15.     As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), Defendant has attached copies of all process, pleadings, orders, and other paper of every kind served upon Defendant. See Composite **Exhibit "D"**.

16.     Pursuant to 28 U.S.C § 1446(d), Defendant has provided written notice of the removal of this action to Plaintiff, and a Notice of Filing this Notice of Removal is being filed with the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. A copy of the Notice of Filing is attached hereto as **Exhibit "E"**.

17.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to take discovery and present a brief and oral argument in support of its position that this case is removable. See Fed. R. Civ. P. 26; Steele v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414 (M.D. Ala.1986) ("A period of discovery which has as its sole purpose the determination of the amount in controversy would clarify the jurisdictional question in this case. This will give the Defendant an opportunity to submit requests for admissions, etc.,

in an effort to require Plaintiff to be specific regarding the value of Plaintiff's case. It will also give the Plaintiff an opportunity to submit an affidavit admitting that his case is worth less than $10,000.00, if that was, in fact, what Plaintiff was attempting to do in his motion to remand.")

**WHEREFORE**, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, hereby removes the above-captioned action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and requests that further proceedings be concluded in this Court as provided by law.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via E-Mail this 18th day of April, 2018, to the following: **Alyssa Katz Esquire**, Ligori & Sanders, litserv@ligorisanderslaw.com.

*[Signature: Electronically signed by attorney after review]*

**KAREN A. BARNETT**
Florida Bar No.: 390674
**AARON W. PROULX**
Florida Bar No.:349010
**Smoak, Chistolini & Barnett, PLLC**
320 W. Kennedy Blvd., 4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**