Filing # 69620144 E-Filed 03/21/2018 04:22:16 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ERIC BECTON,

    Plaintiff,

v.                                    CASE NO.:

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, ERIC BECTON, by and through his undersigned counsel, and sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and in support thereof, alleges as follows:

## GENERAL ALLEGATIONS

1. That this is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. At all times material hereto, Plaintiff, ERIC BECTON (hereinafter "BECTON"), was a resident of Wesley Chapel, Pasco County, Florida.

3. At all times material hereto, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM"), was a foreign insurance company doing business in Hillsborough County, Florida.

4. All of the events complained of herein occurred in Hillsborough County, Florida.

5. That on December 31, 2016, Plaintiff, BECTON, was a fully restrained driver of a vehicle traveling eastbound on Platt Street West, in Hillsborough County, Florida.

6. That at that time and place, another driver, the tortfeasor, Jacob Albert Coppage, (hereinafter "COPPAGE") ran a red light and crashed into Plaintiff, BECTON'S vehicle, violently impacting Plaintiff, BECTON's body and causing serious damage to Plaintiff, BECTON's vehicle.

7. That the impact of the tortfeasor, COPPAGE's vehicle with Plaintiff, BECTON'S vehicle caused severe and permanent injuries to Plaintiff, BECTON.

8. At the time of this accident, the tortfeasor, COPPAGE, carried insufficient liability insurance to cover the claims of Plaintiff, BECTON, said coverage is evidenced by the attached policy information disclosure letter from (a copy of which is attached hereto as Exhibit "A").

## COUNT I
## UNINSURED MOTORIST CLAIM

Plaintiff, BECTON, re-alleges and adopts by reference all of the General Allegations as set forth in Paragraphs one (1) through eight (8) above, each inclusive, as though fully set forth herein and further alleges as follows:

9. On December 31, 2016, and at the time of the above-referenced collision, Plaintiff, BECTON, was a restrained driver in the vehicle and the named insured under an automobile insurance policy issued by Defendant, STATE FARM, which policy included coverage for uninsured/underinsured motorist benefits under policy number D69082959 (a copy of the policy is attached hereto as Exhibit "B").

10. As a result of Plaintiff, BECTON's serious injuries, Defendant, STATE FARM, is obligated to pay the uninsured/underinsured motorist policy benefits to Plaintiff, BECTON, but has failed and/or refused to do so.

11.     As a direct and proximate result of the tortfeasor, COPPAGE's breaches described herein, Plaintiff, BECTON, was severely damaged and has suffered serious bodily injury and resulting pain and suffering, disability, loss of the capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, mental anguish, loss of earnings and loss of ability to earn money. The injuries suffered by Plaintiff, BECTON, are either permanent or continuing in nature, and may include an aggravation of a pre-existing medical condition, and said Plaintiff will continue to suffer impairment in the future.

12.     The tortfeasor, COPPAGE, is considered an underinsured/uninsured motorist under the terms and conditions of the policy of insurance issued by Defendant, STATE FARM.

13.     Plaintiff, BECTON, has complied with all terms and conditions under the insurance policy issued by Defendant, STATE FARM.

**WHEREFORE**, Plaintiff, ERIC BECTON, demands judgment for damages against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, plus interest, all costs, and attorneys fees, of bringing this suit and all other damages allowed by law and demands a trial by jury.

**COUNT II
VIOLATIONS OF F.S. SECTION 624.155 AGAINST DEFENDANT
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

14.     Plaintiff, ERIC BECTON adopts and re-alleges the allegations of paragraphs one (1) through thirteen (13) above, as if fully contained herein.

15.     This claim will ripen upon the determination by the Court or by confession of judgment by Defendant, STATE FARM, that Plaintiff, BECTON, is entitled to the limit of uninsured/underinsured motorist benefits under the Policy.

16.     Plaintiff, BECTON, timely reported the claim to Defendant, STATE FARM, and

otherwise complied with all of his obligations under the Policy.

17. On or about January 12, 2018, Plaintiff, BECTON, filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Financial Services and served a copy upon Defendant, STATE FARM (a copy of the CRN is attached hereto as Exhibit "C").

18. As a result of the injuries caused by the negligence of the tortfeasor, COPPAGE and the relationship between the parties under the subject Policy, Defendant, STATE FARM, owed a duty to Plaintiff, BECTON, to attempt in good faith to settle Plaintiff, BECTON's uninsured/underinsured motorist claim when, under all the circumstances it could and should have done so, had it acted fairly and honestly towards its insured and with due regard for Plaintiff, BECTON's interest. Defendant, STATE FARM, further owed to Plaintiff, BECTON, a duty to refrain from engaging in unfair claim settlement practices.

19. Defendant, STATE FARM, breached its duties to Plaintiff, BECTON, in violation of Section 624.155. Florida Statutes, by:

a. Failing to attempt in good faith to settle Plaintiff, BECTON'S uninsured/underinsured motorist claim when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff, BECTON'S interest, who was an insured, in violation of Section 624.155(1)(b)(1), Florida Statutes;

b. Failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

c. Engaging in unfair claims settlement practices in violation of Section 626.9541(1)(i)(3) a, c, f, g, and h, Florida Statutes. More specifically, Defendant,

STATE FARM:

i. failed to adopt and implement standards for the proper investigation of claims, including coverage;

ii. failed to acknowledge and act promptly upon communications with respect to Plaintiff, BECTON'S UM/UIM claim, including its failure to properly respond to Plaintiff, BECTON's multiple demands for payment of all UM/UIM benefits under the Policy;

iii. failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

iv. failed to promptly notify Plaintiff, BECTON of any additional information necessary for the processing of the UM/UIM claim, including what information Defendant, STATE FARM's employees required to properly assess and determine whether Plaintiff, BECTON, was afforded coverage pursuant to Defendant, STATE FARM's policies and procedures; and

v. failed to clearly explain the nature of the requested information and the reasons why such information is necessary.

20. The acts complained of herein constituted Defendant, STATE FARM's general business practices in that they (a) were expressions of Defendant, STATE FARM, and in compliance with, standard company practices and procedures, (b) are said by Defendant, STATE FARM, to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

21. As a direct and proximate result of Defendant, STATE FARM's actions and/or inactions as set forth above, Plaintiff, ERIC BECTON, has been damaged.

22. Defendant, STATE FARM, has failed to cure its bad faith.

23. As a result of Defendant, STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, BECTON, is entitled to recover the total amount of his damages pursuant to Section 627.727(10), Florida Statutes, including all damages suffered as a result of the December 31, 2016, collision, and all damages caused by Defendant, STATE FARM's failure to act in good faith and committing of the statutory violations alleged above.

24. Defendant, STATE FARM's violation of Section 624.155, Florida Statutes, has caused damages to Plaintiff, BECTON, of interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant, STATE FARM's violation; attorneys' fees incurred by Plaintiff, BECTON, in the prosecution of his claim for uninsured/ underinsured motorist benefits and prejudgment interest thereon; costs incurred in the prosecution of Plaintiff, BECTON'S, claim for UM/UIM benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff, BECTON'S claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

25. As a further direct and proximate result of Defendant, STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, BECTON, had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by Defendant, STATE FARM. By operation of law, including Section 627.428, Florida Statutes, Defendant, STATE FARM, will be obligated to pay for those fees upon the successful conclusion of Plaintiff, BECTON's claim.

26. All conditions precedent to Plaintiff, BECTON's rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiff, ERIC BECTON, demands judgment against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign corporation, for the total damages suffered by Plaintiff, ERIC BECTON, pre and post-judgment interest, attorneys' fees pursuant to Sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, and any and all other relief this Court deems necessary and proper.

This 21st day of March, 2018.

*Alyssa L. Katz, Esquire*
FBN: N1554
Ligori & Sanders
Attorneys at Law
217 N. Howard Ave., Suite 102
Tampa, FL 33606
Telephone: (813) 254-7119
Attorneys for Plaintiff
litserv@ligoriSanderslaw.com